UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Appellant,

v.

Charles BRUMFIELD et al., Appellees.

No. 21773.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1966.

Charles J. McCarthy, Gen. Counsel, T.V.A., Thomas A. Pedersen, Beauchamp E. Brogan, Attys., T.V.A., Knoxville, Tenn., for appellant.

Wm. G. Burgin, Jr., Hunter M. Gholson, Columbus, Miss., for appellees.

Before JONES and THORNBERRY, Circuit Judges, and SLOAN, Senior District Judge.

SLOAN, Senior District Judge:

On October 12, 1960, by the filing of a Declaration of Taking accompanied by a deposit of $550.00 as the government's estimate of just compensation, the United States, through its agency Tennessee Valley Authority (hereinafter referred to as "TVA"), took an easement for right-of-way for an electric power line 150 feet wide and 2,539 feet long and containing 8.74 acres across a farm of 100 acres in Lowndes County, Mississippi. The issue of just compensation was tried initially before three Commissioners appointed by the District Court pursuant to § 25 of the Tennessee Valley Authority Act (16 U.S.C.A. § 831x).

At the conclusion of the trial the Commissioners awarded the amount of $1400.00 to which both parties filed exceptions. By agreement of the parties the case was submitted on briefs to a single judge instead of a three-judge court as permitted by § 25 of the Tennessee Valley Authority Act. Before the District Judge the government urged the Court to enter an award in the amount of $565.00, or, in the alternative, to remand the case to the Commissioners for rehearing with proper instructions as to the government's right to cross-examine the landowners witnesses concerning damages. The District Court denied this relief and upon the basis of the record

entered an award in the amount of $1800.00.

This is an appeal by the government under § 25 of the Tennessee Valley Authority Act (16 U.S.C.A. § 831x) from the decision and award of the District Judge.

The government here contends that the District Court erred (1) in entering an award in excess of $565.00 and (2) not remanding the case to the Commissioners for a new trial with proper instructions of the condemnor's right of cross-examination concerning damages.

An examination of the record here reveals that the defendants presented six witnesses who testified as to the value of the entire tract before the taking of the easement and the value of the entire tract after the imposition of the easement and testifying that the difference in the value of the entire tract with and without the burden constituted the just compensation for the taking of the easement.

The testimony of those witnesses may be summarized, as follows:

| Name | Before Taking Value | After Taking Value | Difference |
| --- | --- | --- | --- |
| Charles Brumfield | $40,000 | $25,000 | $15,000 |
| Hartwell Loftis | $17,500 | $14,000 | $ 3,500 |
| James B. Kaye | $20,000 | $16,500 | $ 3,500 |
| Banks McDaniel | $27,500 | $23,425 | $ 4,075 |
| Julian B. Gardner | $22,500 | $19,125 | $ 3,375 |
| J. P. Robertson | $32,000 | $20,000 | $12,000 |

The government presented five witnesses who testified to damage figures ranging from $438.00 to $565.00.

The witnesses for the plaintiff, with but one slight exception, based their testimony on evaluation of acreage falling within the easement area with and without the burden and used the difference in these two figures as their estimate of just compensation to be paid.

It does not appear that these witnesses undertook to determine the fair market value of the entire tract with and without the burden.

The amount awarded by the District Court is fully supported by the evidence in the case.

It appears from an examination of the record that counsel for the government was afforded full right of cross-examination as to the qualifications of the witnesses and as to the basis of the opinion evaluation of each witness, that is, as to how he arrived at the valuation.

It was only when counsel for the government undertook to require the defendants' witnesses to give an opinion as to the value of or the damages to the 8.74 acres within the easement tract rather than the whole tract that the Commissioners disallowed the questions and did not require the witnesses to adopt the method of evaluation used by the government in the case.

This ruling was correct. The government had no right to do so and in denying the government this right, the right of cross-examination was not unduly restricted.

The standard and measure of value in condemnation proceedings where the estate taken is less than the fee or absolute ownership, such as a flowage easement or servitude and of compensation to be paid for the rights appropriated, is the difference between the fair market value of the land as a whole with and without the burden. Slattery Company v. United States, 5 Cir., 231 F.2d 37, 38(8); Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236.

884

This case is controlled by the ruling made in the case of United States of America ex rel. Tennessee Valley Authority v. Robertson et al., 5 Cir., 354 F.2d 877, this day decided.

There being no reversible error, the judgment is affirmed.